IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RHONDA SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. 1:21-CV-407-WKW |
| ) | [WO] |
| STRYKER CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Dismiss. (Doc. # 2.) Defendants argue that Plaintiff's claims are subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they are precluded by an agreement which settled a previous case between these parties and because they are barred by the statute of limitations. For the reasons stated below, consideration of the settlement agreement is improper at this stage under Rule 12(d). Nonetheless, the claims are due to be dismissed as barred by the statute of limitations.

**I. JURISDICTION AND VENUE**

Subject matter jurisdiction is proper under 28 U.S.C. § 1332 and 28 U.S.C. § 1441, as Plaintiff is a citizen of Alabama; Defendants Stryker Corporation and Stryker Sales Corporation are Michigan corporations with their principal place of business in Michigan; Defendant Howmedica Osteonics Corp is a New Jersey

corporation with its principal place of business in New Jersey; and the amount in controversy exceeds seventy-five thousand dollars. (Doc. # 1 at 3–8.) The parties do not contest personal jurisdiction or venue.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III.  BACKGROUND

Plaintiff Rhonda Sanders has had hip problems for years. (Doc. # 1-1 at 4.) In two surgeries in 2009, Plaintiff had both hips replaced with prosthetic hips designed and manufactured by Defendants. (Doc. # 1-1 at 5.) Plaintiff alleges that foreign materials were implanted with the prosthetic hips and that metallic portions of the hips had dangerous fretting on them, both due to the conduct of Defendants.

2

(Doc. # 1-1 at 6.)  By 2013, Plaintiff had suffered serious complications from the devices.  (Doc. # 1-1 at 5–6.)  Plaintiff sued Defendants in 2014, and the parties reached a settlement agreement on July 27, 2016.  (Doc. # 6 at 1.)

In 2015, Plaintiff sought medical treatment for back injuries caused by her hip problems.  (Doc. # 1-1 at 6.)  Her hip problems grew so bad that new prosthetic hips were implanted in 2015.  In this second implantation, she once again received prosthetic hips manufactured by Defendants.  She alleges that there was no alternative but to receive new devices from the same manufacturer.  (Doc. # 1-1 at 7.)

In January 2019, Plaintiff's left hip failed, requiring emergency medical attention.  (Doc. # 1-1 at 7.)  In May 2019, the left hip failed again.  (Doc. # 1-1 at 7–8.)  In January 2021, Plaintiff was told that she would need a third hip replacement.  (Doc. # 1-1 at 8.)  She filed the present suit against the same Defendants on May 6, 2021, in the Circuit Court of Houston County, Alabama.  (Doc. # 1-1 at 19.)  Plaintiff brings claims for negligence and wantonness under Alabama common law, a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), and a claim for breach of express and implied warranties under Alabama common law.  (Doc. # 1-1 at 9–15.)[1]  Defendants have

---

[1] Plaintiff also brings a claim under the Alabama Medical Liability Act against fictitious defendants, whom she describes as "the medical doctors who negligently failed to appropriately and/or timely diagnose and treat Plaintiff's multiple health maladies resulting from the

3

removed the case to this court and moved to dismiss the complaint. (Doc. # 1; Doc. # 2.)

## IV.  DISCUSSION

Defendants' primary argument is that Plaintiff has breached the settlement agreement that terminated her previous civil action against Defendants. However, the settlement agreement cannot be considered at this stage without converting the motion to dismiss into a motion for summary judgment and affording Plaintiff an opportunity to conduct discovery. Fed. R. Civ. P. 12(d); *see, e.g.*, *Rives v. Lahood*, No. 1:11-CV-1940-RLV-JFK, 2012 WL 12925656, at *3 (N.D. Ga. Mar. 27, 2012).

Nonetheless, Defendants are correct in their alternative argument; this action is barred by the statute of limitations. All of Plaintiff's claims are subject to a two-year statute of limitations under Alabama law. *See Ex parte Tate & Lyle Sucralose, Inc.*, 81 So. 3d 1217, 1223 (Ala. 2011) (negligence and wantonness); *Mobile Infirmary v. Delchamps*, 642 So. 2d 954, 957 (Ala. 1994) (AEMLD and breach of express and implied warranty). The statute of limitations begins to run "from the time the cause of action 'accrues.' The cause of action 'accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon." *Moon v. Harco*

---

implantation of defectively designed and defectively manufactured prosthetic hip devices." (Doc. # 1-1 at 14–15.)  This claim is also subject to dismissal, as pleading against fictitious defendants is not permitted in federal court as a general matter. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  Even if the fictitious-defendant pleading were allowed, the claim under the Alabama Medical Liability Act is also subject to a two-year statute of limitations.

*Drugs, Inc.*, 435 So. 2d 218, 220 (Ala. 1983) (quoting *Garrett v. Raytheon Co.*, 368 So. 2d 516, 518–19 (Ala. 1979), *overruled in other part by Griffin v. Unocal Corp.*, 990 So. 2d 291 (Ala. 2008)).  This means that "[t]he statute of limitations begins to run when the first injury, however slight, occurs, even though that injury may later become greater or different."  *Free v. Granger*, 887 F.2d 1552, 1555–56 (11th Cir. 1989) (citing *Moon*, 435 So. 2d at 220).  For medical device cases, the general conclusion is that the limitations time is calculated based on "when the medical device fails and injures the recipient of the device."  *Collins v. Davol, Inc.*, 56 F. Supp. 3d 1222, 1229 (N.D. Ala. 2014) (citing *Pfizer, Inc. v. Farsian*, 682 So. 2d 405, 408 (Ala. 1996)); *In re Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, No. 2004408MD2004CDL, 2015 WL 5886207, at *2 (M.D. Ga. Oct. 8, 2015) (holding that the Alabama statute of limitations begins when the plaintiff "first suffered complications due to [the product]").

Even if the court assumes that each new prosthetic device received by Plaintiff gave rise to a new cause of action, and further assumes that the new cause of action is not barred by the settlement agreement,[2] Plaintiff's complaint clearly alleges that her last hip replacement occurred in 2015, and those replacement hips failed in January of 2019.  (Doc. # 1-1 at 7.)  Thus, the cause of action accrued in January of

---

[2] These two issues the court need not, and does not, decide in resolving this motion.

5

2019, and the statute of limitations expired in January of 2021. Plaintiff's claims, filed on May 6, 2021, are therefore barred by the statute of limitations.

Plaintiff tries to contest this calculation by noting that she was only recently told of the need for additional surgery. (Doc. # 6 at 4.) Plaintiff included similar allegations in her complaint:

> Now, finally, after continuing to suffer from regular and continuing hip pain, difficulty and dislocations, as well as the near inability to walk or gain peace of any kind, on or around January, 2021, after suffering yet more complications with both of her hips, the Plaintiff sought the continued advice and care of the doctors at the SEAMC, as well from Dr. Roberson. During that process, she learned essentially for the first time, that both her newest and latest hip implants (manufactured of course by "Stryker"), were now in various ways considered "faulty" and "defective." Plaintiff further learned, that these hip implants had again "failed." As a result of the failure of both of these Stryker devices, the Plaintiff was advised, that she likely would need, yet again, to under another total revision, bilaterally.

(Doc. # 1-1 at 8.)

But a meeting with a doctor is not a failure of the device, and the current device clearly generated complications as early as January of 2019. Even if Plaintiff learned something new at this meeting with her doctors, Alabama has rejected the discovery doctrine in these scenarios. For this case, the statute of limitations began to run when the cause of action accrued, not when it was discovered. *Stephens v. Creel*, 429 So. 2d 278, 280 (Ala. 1983); *Beasley v. 500 Finishes Corp.*, No. 2:17-CV-92-WKW, 2018 WL 3848815, at *7 (M.D. Ala. Aug. 13, 2018). The date on

6

which Plaintiff was informed of the need for additional surgery is therefore irrelevant to this statute of limitations analysis.

Since it is clear from the face of Plaintiff's complaint that her action is barred by the statute of limitations, her claims are subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## V.  CONCLUSION

For the reasons stated above, it is ORDERED Defendants' Motion to Dismiss (Doc. # 2) is GRANTED and this case is DISMISSED.

A final judgment will be entered separately.

DONE this 31st day of January, 2022.

                                        /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE